# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| POLYTEC INTERNACIONAL, S.A. ) <br> 3A Avenida 0-70, Zona 2 San Jose ) <br> Villa Nueva, Guatemala C.A. 01064 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ARTCO GLOBAL GROUP, LLC ) <br> c/o Bernadette Gartside, Statutory Agent ) <br> 595 Country Club Drive ) <br> Newark, OH 43055 ) <br> ) <br> And ) <br> ) <br> BERNADETTE GARTSIDE ) <br> 595 Country Club Drive ) <br> Newark, OH 43055 ) <br> ) <br> And ) <br> ) <br> VENUS FASHION, INC. ) <br> c/o C T Corporation System ) <br> 1200 South Pine Island Road ) <br> Plantation, FL 33324 ) <br> ) <br> Serve also: ) <br> ) <br> VENUS FASHION, INC. ) <br> c/o Laura Bollier, CEO ) <br> 11711 Marco Beach Dr. ) <br> Jacksonville, FL 32224 ) <br> ) <br> And ) <br> ) <br> SD LABELS, INC. ) <br> c/o Sharon Diamond, Statutory Agent ) <br> 9335 Deer Creek Dr. ) <br> Tampa, FL 33647 ) <br> ) <br> And | CASE NO.:  2:23-cv-480 <br><br> JUDGE <br><br><br><br> **COMPLAINT** <br> **Jury Demand Endorsed Hereon** |

SHARON DIAMOND, Individually and
as President of SD Labels, Inc.
9335 Deer Creek Dr.
Tampa, FL 33647

    Defendants.

  Plaintiff, by and through counsel, hereby alleges and states for its Complaint against Defendants as follows:

## PARTIES

  1. Plaintiff Polytec Internacional, S.A. ("Plaintiff" or "Polytec") is a Guatemalan Company, duly organized under the laws of the Country of Guatemala, with its principal place of business in Villa Nueva, Guatemala.

  2. Defendant Artco Global Group, LLC ("Artco") is a limited liability company organized under the laws of the State of Pennsylvania and registered as a foreign limited liability company in the State of Ohio, conducting business in Norwalk, Licking County, Ohio.

  3. Defendant Bernadette C. Gartside ("Gartside") is an individual, residing in Norwalk, Licking County, Ohio and is the Managing Director and Executive Officer at Artco.

  4. Venus Fashion Inc. ("Venus") is a corporation organized under the laws of the state of Florida, with its principal place of business in Jacksonville, Duvall County, Florida.

  5. Defendant SD Labels, Inc. ("SD Labels") is a corporation organized under the laws of Florida, with its principal place of business in Tampa, Hillsborough County, Florida.

  6. Defendant Sharon Diamond ("Diamond") is an individual, residing in Tampa, Hillsborough County, Florida, is the President of SD Labels and was previously a Vice President of Sales at Artco.

## JURISDICTION

  7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(l) and

(2). The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states and between citizens of a state and citizens or subjects of a foreign state. The Court has personal jurisdiction over Defendants in that each of them has committed acts within Ohio and this judicial district which give rise to this action, and each of the Defendants has established minimum contacts with the forum such that the exercise of jurisdiction over each of the Defendants would not offend traditional notions of fair play and substantial justice.

8. This Court also has jurisdiction over Plaintiff's Complaint pursuant to 49 U.S.C. § 14706(d)(1) and (3).

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a), (b) and (c). Each of the Defendants has committed acts within this judicial district, as well as acts which give rise to this action, including (1) the subject goods were procured by an entity conducting business in this judicial district, (2) the subject acts and omissions either took place or had intended effects in Ohio and this judicial district, and (3) the subject goods were used in this judicial district.

## FACTS COMMON TO ALL COUNTS

10. Plaintiff reincorporates the above-stated paragraphs as if fully set forth herein.

11. Plaintiff is a Guatemalan entity specializing in the manufacturing of polyethylene bags, labels, packaging and solutions for various industries, including, but not limited to, agricultural, fashion, and bio-science end-customers.

12. Plaintiff sells its products globally, including in the United States and in Ohio.

13. Beginning in or around 2019, Gartside, acting as an agent for Artco in her capacity as the Managing Director and Executive Officer, approached Plaintiff and convinced Plaintiff to begin manufacturing certain products, including, but not limited to, polyethylene mailer bags, for Artco and Gartside, to later resell to end-consumers, including, but not limited to, Venus. Between

the dates of November 19, 2021 and December 6, 2021, Plaintiff, Artco and Gartside entered into at least five contracts under which Plaintiff agreed to manufacture, sell and ship over one million custom polyethylene mailer bags to Artco and Gartside, and Artco and Gartside agreed to pay Plaintiff the aggregate price of $183,153.78 for the polyethylene mailer bags (the "Transactions").

14. A true and accurate copy of the five invoices (Series Nos. 4BA04BC3, A1C9AD9C, AE697420, 8D246C82, and D60F8BE4) representing the Transactions for seven different items are attached and incorporated hereto as **Exhibit 1**.

15. In that the polyethylene mailer bags were custom designed to meet the custom specifications of the Defendants, Plaintiff meticulously designed, manufactured and delivered the final product. True and accurate copies of the polyethylene mailer bags design sketches are attached and incorporated hereto as **Exhibit 2.** *See* below for images of the design sketches.



4866-4087-9694, v. 1





Polytec
PLANO MECANICO
Emitido: 14-Feb-20
ANCHO DE LIENZO 559
LIP 51
LARGO DE BOLSA 254
LARGO DE BOLSA 254
ABIERTO
CINTA ADHESIVA VA POR DENTRO
BOCA
ANCHO DE BOLSA 203
CINTA ADHESIVA VA POR DENTRO
LINEATURA:
IMPRESION EN: LIENZO
MAQUINA: Geo 9
MANGA: 410 mm.
IMPRESION: Cara
TECNOLOGIA Pixel +
PLANCHA ITP60
FOTOPOLIMERO 45 Mils.
EMBOBINADO:
3
TOP
No. CAMBIO: V01
MOTIVO:
Nuevo Impreso
CLIENTE: Artco Global Group LLC
PRODUCTO: Bc-ld Tra A1170-I7r2
CODIGO: T3335-017
OPERADOR: Alejandro Valdez
VENDEDOR: Nadia Navarro

Polytec
PLANO MECANICO
Emitido: 14-Feb-20
CARA A
CARA B
BOCA
BOCA
ABIERTO
CINTA ADHESIVA VA POR DENTRO
LINEATURA:
IMPRESION EN: LIENZO
MAQUINA: Geo 9
MANGA: 610 mm.
IMPRESION: Cara
TECNOLOGIA Pixel +
PLANCHA ITP60
FOTOPOLIMERO 45 Mils.
EMBOBINADO:
3
TOP
No. CAMBIO: V01
MOTIVO:
Nuevo Impreso
CLIENTE: Artco Global Group LLC
PRODUCTO: Bc-ld Tra A1170-I4r2
CODIGO: T3335-018
OPERADOR: Alejandro Valdez
VENDEDOR: Nadia Navarro

Polytec
PLANO MECANICO
Emitido: 17-Feb-20
ANCHO DE LIENZO 661
LARGO DE BOLSA 305
LARGO DE BOLSA 305
CARA A
CARA B
ABIERTO
CINTA ADHESIVA VA POR DENTRO
BOCA
BOCA
LINEATURA:
IMPRESION EN: LIENZO
MAQUINA: Geo 9
MANGA: 380 mm.
IMPRESION: Cara
TECNOLOGIA Pixel +
PLANCHA ITP60
FOTOPOLIMERO 45 Mils.
EMBOBINADO:
3
TOP
No. CAMBIO: V01
MOTIVO:
Nuevo Impreso
CLIENTE: Artco Global Group LLC
PRODUCTO: Bc-ld Tra A1170-I9r2
CODIGO: T3335-016
OPERADOR: Alejandro Valdez
VENDEDOR: Nadia Navarro







4866-4087-9694, v. 1

16. Artco and Gartside received and accepted each of the shipments of the custom polyethylene mailer bags.

17. Artco and Gartside placed four additional orders after receipt and acceptance of the first order placed on November 19, 2021.

18. Plaintiff issued and sent invoices to Artco and Gartside outlining the agreed prices for the kinds and quantities of polyethylene mailer bags in each of the Transactions.

19. Artco and Gartside have not denied receiving Plaintiff's invoices.

20. Artco and Gartside have never objected to the prices stated on the Plaintiff's invoices.

21. Artco and Gartside have never objected to any of the terms stated on Plaintiff's invoices.

22. Artco and Gartside failed to pay Plaintiff for the Transactions within the applicable payment terms.

23. Artco and Gartside owe Plaintiff the principal sum of $183,153.78 for the Transactions, all of which is undisputed, unpaid, and past due.

24. Upon information and belief, the end-consumer for the over one million polyethylene mailer bags comprising the Transactions is Venus.

25. Upon information and belief, Venus has not paid for the polyethylene mailer bags, despite retaining the benefit and, in fact, using the one million polyethylene mailer bags in its retail business.

26. On or around December 21, 2021, six weeks after receipt of the first order, Plaintiff contacted Gartside and Artco reminding them of the overdue invoices, at which time Gartside,

acting as an agent and authorized representative of Artco, informed Plaintiff that Venus reports that the "perf is opening to [sic] easily so [Venus] isn't able to use them."

27. Upon information and belief, the "perf" refers to the perforated tear strip found below the seal, used for easy opening. At no time prior did Gartside or Venus indicate a problem with some or all of the plastic mailer bags, delivered as a part of the Transactions.

28. In fact, Diamond indicated in a previous email that Venus was able to cure any alleged defect by sealing the bottom perf.

29. At no time did Gartside, Artco or Venus return all or some of the one million polyethylene mailer bags or request that Plaintiff arrange to collect the mailer bags from Venus.

30. Rather, Gartside, Artco or Venus continued to place orders and accept deliveries of polyethylene mailer bags from Plaintiff, as part of the Transactions.

31. On or around January 18, 2022 – one month after receiving over one million plastic bags – Gartside, on behalf of Artco, wrote to Plaintiff advising that "effective immediately, Artco will cease its business."

32. Less than two days later, on January 20, 2022, Plaintiff received an unsolicited email from Sharon Diamond, a person known to Plaintiff as VP Sales at Artco, requesting Plaintiff do business with SD Labels.

33. Indeed, the original Artco website has the exact same user interface as SD Labels' website.

34. Specifically, the "About Us," "Product," "FAQ," and "Trim Management" sections for both Artco and SD Labels are identical. *See* screenshots below and **Exhibit 3.**










ARTCO
GLOBAL GROUP

SD-LABELS
www.sd-labels.com

ARTCO
GLOBAL GROUP
LABELS
TAGLESS
EXTERIOR TAGS
RIBBONS & TAPES
METALS
PACKAGING
PATCHES
MOLDED PLASTIC
STICKERS

SD-LABELS
www.sd-labels.com
LABELS
TAGLESS
EXTERIOR TAGS
RIBBONS & TAPES
METALS
PACKAGING
PATCHES
MOLDED PLASTIC
STICKERS
POLY BAGS

ARTCO
GLOBAL GROUP

SD-LABELS
www.sd-labels.com

ARTCO
GLOBAL GROUP

SD-LABELS
www.sd-labels.com

35. Simply put, SD Labels is engaged in the exact same business as Artco. SD Labels represents that it sells the same products and has substantially the same management and employees.

36. In what can only be viewed as a scheme to defraud creditors, Artco allegedly ceased operations, transferring assets to SD Labels, but leaving liabilities at Artco, to the detriment of creditors, including the Plaintiff.

37. As a result of the Defendants' acts and/or omissions, Defendants have retained the benefit of the polyethylene mailer bags but have failed to pay the contractually agreed price to the Plaintiff.

38. Unbeknownst to the Plaintiff, Defendants Gartside and Artco never intended to honor the terms and conditions of the Transactions. Due to Defendants' unlawful, unconscionable and tortious conduct, and fraudulent misrepresentations, Plaintiff has suffered financially.

39. The consequences of Defendants' scheme are severe. Plaintiff has been irreparably and permanently damaged.

## COUNT ONE: BREACH OF CONTRACT – AGAINST ARTCO AND GARTSIDE

40. Plaintiff reincorporates the above-stated paragraphs as if fully set forth herein.

41. A valid contract exists between Artco, Gartside and Plaintiff.

42. Plaintiff, Artco and Gartside entered into contracts for Plaintiff to sell and ship in interstate commerce, and for Artco and Gartside to purchase over one million polyethylene mailer bags (i.e., the Transactions).

43. Plaintiff fully performed all conditions precedent to the agreed contracts.

44. Artco and Gartside breached the contracts by failing to pay Plaintiff for the polyethylene mailer bags.

45. As a direct and proximate result of Artco's and Gartside's breach of each contract, Plaintiff has suffered damages in the amount of $183,153.78, plus interest from the date each invoice became past due.

46. For these reasons, Plaintiff seeks entry of a judgment in its favor against Artco and Gartside in the amount of $183,153.78, plus interest from the date each invoice became past due, and costs.

### COUNT TWO: CONVERSION – AGAINST ARTCO, GARTSIDE AND VENUS

47. Plaintiff reincorporates the above-stated paragraphs as if fully set forth herein.

48. By failing to provide any consideration and payment, Defendants improperly interfered with Plaintiff's right to possess its property and thus committed the act of conversion, when they withheld, refused and/or absconded with at least $183,153.78 belonging to Plaintiff.

49. Specifically, when Plaintiff fulfilled its contractual obligations, Plaintiff acquired the right to possess $183,153.78 belonging to Plaintiff that Defendants possessed.

50. In that Defendants continue to withhold $183,153.78 belonging to Plaintiff, Defendants committed a conversion of Plaintiff's property rights.

51. Compounding the issue, Defendants continually refuse to take Plaintiff's telephone calls and/or emails concerning the non-payment.

52. As a result of these acts and omissions, Plaintiff is owed at least $183,153.78, plus interest and costs.

4866-4087-9694, v. 1

## COUNT THREE: UNJUST ENRICHMENT – AGAINST ARTCO, GARTSIDE AND VENUS

53. Plaintiff reincorporates the above-stated paragraphs as if fully set forth herein.

54. Plaintiff has conferred certain benefits on Defendants Artco, Gartside and Venus, specifically, Plaintiff manufactured over one million polyethylene mailer bags, and shipped the bags to the continental United States, but has not been paid for the polyethylene mailer bags.

55. Defendants Artco, Gartside and Venus had full knowledge of the benefits conferred on them by the Plaintiff.

56. Defendants Artco, Gartside and Venus accepted the polyethylene mailer bags from the Plaintiff and retained the bags and/or benefited from the polyethylene mailer bags under unjust circumstances as Defendants Artco, Gartside and Venus have refused to pay for the polyethylene mailer bags.

57. As a direct and proximate result of the conduct of the Defendants described herein, Plaintiff has sustained damages in an amount of at least $183,153.78, plus interest from the date each invoice became past due.

## COUNT FOUR: PIERCING THE CORPORATE VEIL AND/OR LIABILITY BASED ON ALTER EGO/MERE INSTRUMENTALITY

58. Plaintiff reincorporates the above-stated paragraphs as if fully set forth herein.

59. Under the equitable theories or remedies of piercing the corporate veil, alter ego and/or mere instrumentality, the corporate structures of each of Artco and SD Labels should be disregarded, and each of these entities should be held liable for the damages recoverable by the Plaintiff for the failure to pay for the polyethylene mailer bags under the Transactions.

4866-4087-9694, v. 1

## COUNT FIVE: JOINT ENTERPRISE/JOINT VENTURE LIABILITY

60. Plaintiff reincorporated the above-stated paragraphs as if fully set forth herein.

61. SD Labels acquisition of Artco, during the relevant period, including its assumption of the obligations under the Transactions, have been made for the benefit of each Artco and SD Labels. To this extent, SD Labels was engaged in a joint enterprise or joint venture for which all are liable. SD Labels should be held liable for the damages recoverable by Plaintiff as a result of the breach contract and refusal to pay all obligations under the Transactions.

62. In an effort to escape creditors, such as Plaintiff, Defendant Artco surreptitiously transferred its assets – a wrongful act - to Defendant SD Labels, knowing that it would be damaging to the Plaintiff.

## COUNT SIX: CORPORATE SUCCESSOR LIABILITY – AGAINST SD LABELS AND DIAMOND

63. Plaintiff reincorporates all above-stated paragraphs as if fully set forth herein.

64. Defendant SD Labels is the mere continuation of the former Artco.

65. Defendant SD Labels is engaged in the same business as the former Artco. SD Labels is premised on the same product line, and is managed by substantially the same members, employees, and stakeholders as Artco. Moreover, SD Labels serves the same customers and has availed itself of the same business opportunities as the former Artco, including soliciting Plaintiff.

66. The acts and omissions outlined were done for purposes of escaping liability, vis-à-vis assuming Defendant Artco's assets, but not its liability, and refusing to pay the Plaintiff.

67. Accordingly, SD Labels is liable for all debts and obligations of its predecessor corporation. Artco, including those debts and obligations due to the Plaintiff, and recognition that the monies associated with the Transactions remain unpaid and owed to Plaintiff.

13

## COUNT SEVEN: FRAUD – AGAINST GARTSIDE AND ARTCO

68. Plaintiff reincorporates all above-stated paragraphs as if fully set forth herein.

69. In or around November and December 2021, Defendant Gartside, on behalf of Artco, represented that if Plaintiff satisfied the orders that would later constitute the Transactions, timely payment would be made.

70. Defendants made the representations of promising payment to the Plaintiff in an effort to induce the Plaintiff to manufacture the polyethylene mailer bags.

71. The representations were false and Defendants knew the falsity of these statements at the time they were made, as Defendants never intended to pay Plaintiff for the Transactions.

72. To date, Plaintiff has received zero compensation or payment for the Transactions.

73. Rather, Defendants always intended to refuse to pay the Plaintiff for the Transactions.

74. Defendants did so without Plaintiff's approval or knowledge. Rather, prior to manufacturing the over one million polyethylene mailer bags for the Defendants' benefit, Defendants represented that it would timely pay for the goods. Defendants concealed their intention to refuse to pay, and that Defendants were, allegedly, on the brink of financial collapse.

75. As a result of this fraud, Defendants now owe Plaintiff, at minimum, $183,153.78, plus interest from the date each invoice became past due.

76. Plaintiff relied on the representations of Defendants that timely payment would be made on the Transactions. Otherwise, Plaintiff would not have manufactured, shipped and sold the subject polyethylene mailer bags to Gartside and Artco.

77. Plaintiff has been injured by the lack of payment and has a continued inability to compete in the lucrative polyethylene market without the use of said funds.

4866-4087-9694, v. 1

78. These acts were malicious, fraudulent and oppressive, justifying an award of punitive damages so that Defendants will not engage in such conduct in the future.

### COUNT EIGHT – CIVIL CONSPIRACY AGAINST ALL DEFENDANTS

79. Plaintiff reincorporates the above-stated paragraphs as if fully set forth herein.

80. Upon information and belief, Gartside, Artco, SD Labels and Venus, and potentially various other unknown individuals and entities acting in concert, maliciously combined to injure Plaintiff by breaching or assisting in the breach of the contract, and/or otherwise engaging in tortious conduct.

81. Specifically, Defendants maliciously orchestrated a scheme to injure the Plaintiff by asserting that the polyethylene mailer bags were, somehow, defective.

82. This was a pretext to refuse paying the Plaintiff for the plastic bags, despite the fact that the polyethylene mailer bags were used, and never returned to the Plaintiff.

83. Such actions and/or omissions are unlawful.

84. By virtue of the participation of Gartside, Artco, SD Labels and/or Venus in this conspiracy, Plaintiff has incurred damages including unreimbursed compensation, loss of investment, lost opportunities, attorneys' fees, costs and other direct and/or consequential damages, but at least $183,153.78, plus interest from the date each invoice became past due.

### COUNT NINE – MISREPRESENTATION/PROMISSORY ESTOPPEL – AGAINST GARTSIDE AND ARTCO

85. Plaintiff reincorporates the above-stated paragraphs as if fully set forth herein.

86. By virtue of the conduct described herein, and upon information and belief, Gartside, Artco, SD Labels, Venus and/or one more of unknown persons or entities has made inaccurate representations and/or concealments to Plaintiff.

4866-4087-9694, v. 1

87. The representations and/or concealments were material insofar as to induce Plaintiff to purchase additional equipment to meet the manufacturing needs of the Defendants and enter into relationships and transactions that caused substantial harm to the Plaintiff.

88. Upon information and belief, Gartside, Artco, SD Labels, Venus and/or one more of unknown persons or entities were reckless or negligent as to the accuracy, context and/or the truthfulness of these representations.

89. The Plaintiff justifiably relied upon the representations and/or concealments given Gartside's, Artco's, SD Labels and/or Venus' financial stakes with Plaintiff's success.

90. By virtue of these actions and/or omissions, Plaintiff has incurred damages including unreimbursed compensation, loss of investment, lost opportunities, attorneys' fees, costs and other direct and/or consequential damages, but at least $183,153.78, plus interest from the date each invoice became past due.

## **COUNT TEN – ACCOUNTING AGAINST ARTCO, VENUS AND SD LABELS**

91. Plaintiff reincorporates the above-stated paragraphs as if fully set forth herein.

92. Defendants Artco, Venus and SD Labels are obligated to keep Plaintiff reasonably informed about the financial affairs and provide the material facts necessary for Plaintiff to protect its interests relating to the Transactions.

93. To date, Defendants have failed and/or refused to provide an accounting to Plaintiff regarding the Transactions.

94. Upon information and belief, Defendants are not properly managing their assets, to the detriment of Plaintiff.

95. Rather, upon information and belief, Defendants and/or one or more unknown entities continue to deplete assets through waste, mismanagement and self-dealing.

96. The harm to Plaintiff is not known because Defendants and/or more of unknown entities and persons have failed or refuse to provide an accounting.

97. Accordingly, Plaintiff is entitled to a full accounting.

### COUNT ELEVEN – QUANTUM MERUIT – AGAINST GARTSIDE, ARTCO AND VENUS

98. Plaintiff reincorporates the above-captioned paragraphs as if fully set forth herein.

99. Plaintiff has conferred a benefit on Defendants Gartside, Venus and Artco without receiving payment from Defendants for the full value of the benefit.

100. Defendants knew of the benefit conferred by Plaintiff.

101. Defendants have retained the benefit under circumstances it would be unjust to do so without compensation.

102. As a direct and proximate result of the conduct of the Defendants described herein, Plaintiff has sustained damages in an amount of at least $183,153.78, plus interest from the date each invoice became past due.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

1. Compensatory damages in an amount to be determined at trial, but far in excess of $75,000 as to each claim for relief;

2. Costs and disbursement incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

3. Interest to the extent available under applicable laws; and

4. Such other and further damages, including punitive damages, and relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Mark M. Mikhaiel*
Mark M. Mikhaiel, Esq. (0091656)
SCHNEIDER SMELTZ SPIETH BELL LLP
1375 E. Ninth Street, Suite 900
Cleveland, Ohio 44114
(216) 696-4200 | (216) 696-7303 (fax)
mmikhaiel@sssb-law.com
***Counsel for Plaintiff***

4866-4087-9694, v. 1

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable.

>  */s/ Mark M. Mikhaiel*
>  Mark M. Mikhaiel, Esq. (0091656)
>  ***Counsel for Plaintiff***